1

2

3

4

5

6

7

8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10

11  JORGE H. CARLOS,                    )        NO. LA CV 14-09038-VBF (GJS)
                                        )
12              Petitioner,             )        **ORDER**
                                        )
13      v.                              )        Overruling Petitioner's Objections;
                                        )        Adopting the Magistrate Judge's R&R;
14                                      )        Denying Request for Evidentiary Hearing;
    WARDEN, R.T.C. GROUNDS,             )        Denying the Habeas Corpus Petition;
15                                      )        Dismissing the Action With Prejudice;
                Respondent.             )        Terminating the Case;
16  _____)        Directing Entry of Separate Final Judgment

17

18          Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a

19  Person in State Custody Pursuant to 28 U.S.C. section 2254 ("petition") (CM/ECF Document ("Doc") 1),

20  the respondent warden's answer and accompanying memorandum (Doc 12), the relevant decision of the

21  California state courts, the "lodged documents" submitted by the respondent in paper form (listed at Doc

22  13), petitioner's traverse (Doc 16), the Report and Recommendation of the United States Magistrate Judge

23  ("R&R") (Doc 18), petitioner's objections to the R&R (Doc 21), and the applicable law. "Federal Rule of

24  Civil Procedure 72(b)(2) gave respondent a right to respond to the objections, but the time to do so has

25  elapsed and respondent has filed neither a response nor a request for an extension of time.  Accordingly,

26  the Court proceeds to the merits without waiting further."  *Ruelas v. Muniz*, Case No. SA CV 14-01761,

27  2016 WL 540769, *1 (C.D. Cal. Feb. 9, 2016) (Valerie Baker Fairbank, J.).  **"As required by Fed. R. Civ.**

28  **P. 72(b)(3), the Court has engaged in de novo review of the portions of the R&R to which petitioner**

    **has specifically objected and finds no defect of law, fact, or logic in the Magistrate Judge's R&R."**

1   *Rael v. Foulk*, Case No. LA CV 14-02987, 2015 WL 4111295, *1 (C.D. Cal. July 7, 2015) (Fairbank, J.),

2   *appeal filed*, No. 15-56205 (9th Cir. Aug. 6, 2015).

3

4          **Petitioner's first objection regarding accomplice testimony centers on the testimony of**

5   **Martinez, who was driving the vehicle from which petitioner and/or Meza fired gunshots in the first**

6   **shooting.** Petitioner complains that Martinez's testimony was not corroborated by the prosecution's forensic

7   evidence, *see* Doc 21 at 2.  But petitioner cites no Supreme Court authority in support of his contention that

8   any federal constitutional violation would result if the Court agreed with him that "the Magistrate applies

9   state evidence that is not sufficiently corroborated but skeptical [sic]", *see* Doc 21 at 1-2.  Moreover, as

10  discussed in the R&R, petitioner has not shown that the testimony of Martinez was uncorroborated or

11  insufficiently corroborated.

12         **Also as to the first shooting, petitioner asserts that the government never proved that the gun**

13  **found in his bedroom belonged to him, alleging that that gun belonged instead to one Gumaro Lopez,**

14  **Doc 21 at 2.**  Petitioner fails to explain, however, what United States Supreme Court holding was violated

15  by the trial judge allowing the prosecution to argue that the jury could infer that the gun belonged to

16  petitioner under the circumstances.  Nor does petitioner explain what United States Supreme Court holding

17  was violated by the jury then finding that the gun found in petitioner's bedroom indeed belonged to

18  petitioner.  *Accord United States v. Griffin*, 394 F. App'x 349, 351 (8th Cir. 2010) (citing *United States v.*

19  *Anderson*, 78 F.3d 420, 422 (8th Cir. 1996) (explaining that possession may be actual or constructive, and

20  that constructive possession exists "when a person has ownership, dominion, or actual control over the

21  contraband")); *see, e.g., United States v. Bucknell*, 2013 WL 5913769, *25 (D. Kan. Nov. 1, 2013) (Marten,

22  J.) ("[O]fficers found two of the firearms in Bucknell's bedroom and one on the sofa, with all three firearms

23  loaded.  * * *  [A] rational trier of fact could have found all of the elements to convict Bucknell of being a

24  felon in possession of a firearm.") (citing *United States v. Roach*, 582 F.3d 1192, 1205 (10th Cir. 2009)

25  (holding that evidence was sufficient to establish a connection between defendant and a firearm where the

26  evidence was that defendant had a key to the premises, the firearm was found on a closet shelf with his other

27  belongings, and defendant had access to that closet)), *aff'd*, 601 F. App'x 709 (10th Cir. 2015); *United States*

28  *v. Malone*, 308 F. App'x 949, 956-57 (6th Cir. 2009) (holding that jury could reasonably infer that gun was

1  possessed by defendant where the evidence showed, *inter alia*, that one gun was found in the master

2  bedroom along with defendant's clothes and that defendant had slept in that room and therefore had

3  constructive joint possession of the gun).

4

5      **Still with regard to the first shooting, petitioner Carlos charges that "Martinez [sic] testimony**

6  **was a bunch of lies and all he was thinking about was to save himself"** and urges that "[h]is testimony

7  should be disbelieved."  Doc 21 at 2.  Petitioner also complains that "[t]he court never mentions that

8  Martinez had gang tattoos", Doc 21 at 3 (citing 3 RT 1573-74), and he characterizes Martinez as "a gang

9  member who" falsely incriminated petitioner and exculpated himself because he "[did]n't want to go to jail."

10  Doc 21 at 3.  As the Magistrate Judge pointed out in the R&R, however, it is not the province of a federal

11  habeas court to question the jurors' assessment of witness credibility or the jurors' weighing of evidence.

12  *See Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S. Ct. 843 (1983) ("[Section] 2254(d) [in AEDPA] gives

13  federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed

14  by the state trial court, but not by them."), *cited by Burton v. Davis*, 2016 WL 909146, *35, – F.3d –, – (9th

15  Cir. Mar. 10, 2016) (O'Scannlain, J., dissenting on other grounds).

16

17      **Similarly, as to the *second* shooting (in the parking lot of the Stater Brothers store), petitioner**

18  **attacks the credibility of the two Flores brothers who survived the attack and identified petitioner** as

19  one of the attackers (while the third Flores brother was shot in the head and died without ever having an

20  opportunity to try and identify his murderers).  With no citations to case law, petitioner argues that the

21  surviving Flores brothers' testimony was questionable and not corroborated by forensic evidence.  Then

22  petitioner makes the conclusory assertion that "[t]he Flores brother [sic] only pointed out petitioner because

23  of stress and pressure from police."  Doc 21 at 2.  Petitioner also speculates that the surviving Flores brothers

24  identified him as one of the attackers because "[o]nce, the police told the Flores brothers that petitioner was

25  a gang member", Doc 21 at 4.  These portions of the objection are likewise of no avail in the face of the rule

26  that a federal habeas court must accord "near-total deference" to jurors' assessment of witness credibility,

27  *see Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004), and may not second-guess jurors' determination

28  regarding the persuasiveness and weight of the evidence presented.  *See Cooper v. Brown*, 510 U.S. 870,

1  919 (9th Cir. 2007) ("Where there are two permissible views of the evidence, a factfinder's choice between

2  them cannot be clearly erroneous.") (citing *Amadeo v. Zant*, 486 U.S. 214, 226, 108 S. Ct. 1771 (1988)).

3

4  **P**etitioner concludes this portion of the first objection by complaining that "the audio

5  recording of Meza is three hours long, [but] the [state trial] court never bother[ed] to play

6  the entire recording** to see all the lies and bolstering [sic] Meza made." Doc 21 at 2; *see also* Doc 21 at

7  4 ("Meza throughout the three[-]hour recording bolstering [sic] about crimes he committed [and the]

8  ma[j]ority of them are false and [n]ot proven."). For purposes of this objection only, the Court assumes

9  arguendo that the Meza recording was indeed substantially longer than the portion that was played to the

10 jury. But the objection still fails: petitioner never specifically identifies how the remaining portion of the

11 audio recording of Meza's statements likely would have favorably changed the jurors' assessment of the

12 credibility of Meza or the Flores brothers, or their assessment of the weight of those witnesses' testimony.

13 *Cf., e.g., Valverde v. California*, 2015 WL 7566807, *20 (N.D. Cal. Nov. 25, 2015) ("Petitioner claims that

14 that the prosecutor stopped or edited an undercover surveillance tape, which violated her right to due

15 process. * * * She fails to explain what the remainder of the tape would have revealed and specifically how

16 the prosecutor edited the content. * * * Petitioner's statement that the jury dismissed the Sergio Sanchez's

17 [sic] count based on the surveillance tape is simply conclusory, . . . . [T]his claim lacks merit and is no basis

18 for federal habeas relief."), *appeal filed*, No. 15-17495 (9th Cir. Dec. 22, 2015).

19 Accordingly, "the possible beneficial effect of the remainder of the [Meza] tape on the jury is purely

20 speculative", *Valverde*, 2015 WL 7566807 at *20, and petitioner Carlos fails to show that it was objectively

21 unreasonable for the state court *not* to conclude that Carlos likely would have achieved a more favorable

22 result at trial if the jury had heard the entire Meza recording.

23

24 **Petitioner next objects that the Magistrate should have concluded that the state trial court

25 violated California Penal Code 1111 with respect to the need to corroborate the testimony of witnesses

26 who were allegedly accomplices (Martinez as to the first shooting, Meza as to both shootings), and that

27 this violation of state law also violated the U.S. Constitution.** Petitioner asserts that "Martinez[']s

28 testimony was incredible and unsubstantial [sic] on its face like it's mention[ed] in *Darden v. United States*,

4

405 F.2d 1054, 1056 (9th Cir. 1969)." Doc 21 at 3. In *Darden* the Ninth Circuit held only that "[i]t is well established that a conviction . . . may be based on the uncorroborated testimony of an accomplice, if the testimony is not 'incredible or unsubstantial on its face.'" *Darden*, 405 F.3d at 1056 (citing, *inter alia*, *Lyda v. United States*, 321 F.2d 788, 794 (9th Cir. 1963)). Viewing the evidence presented at trial as a whole, however, there is an inadequate basis to hold that no rational jury could have credited Martinez's testimony. Less still could the Court conclude that the California Court of Appeal could not reasonably reach a contrary conclusion, i.e., that a rational jury could credit Martinez's testimony adverse to petitioner. Moreover, as discussed in the R&R, the state court reasonably could determine that even if Meza was an accomplice, as petitioner contends – and his testimony therefore subject to California's accomplice-specific corroboration requirement – the evidence presented at trial reasonably could be taken to corroborate Meza's testimony.

**Next, petitioner objects that the Magistrate Judge erred by treating witness Martinez (the driver of the vehicle from which petitioner and/or Meza fired gunshots in the first shooting) as a victim rather than as petitioner's accomplice.** *See* Doc 21 at 4-5. But this objection too boils down to an attack on the jurors' apparent decision to credit Martinez's testimony as sufficiently reliable and credible to contribute to the conclusion that petitioner committed the charged offenses. Such attacks on juror assessments of credibility and the weight of the evidence are inappropriate on federal habeas review.

**Petitioner's penultimate objection to the R&R is unavailing as well.** Petitioner argues that the Magistrate Judge – really, the California Court of Appeal – unreasonably applied Supreme Court decisions, such as *Sandstrom v. Montana*, which hold that each element of a crime must be proven beyond a reasonable doubt. *See* Doc 21 at 5. But petitioner merely asserts, in the most general and conclusory fashion, that "the evidence proffer[ed] at trial was circumstantial and weak", that "the court [sic] did not prove every element beyond a reasonable doubt", and that "the Magistrate[']s application of *Sandstrom* does not fit the criteria to this case [sic]." Doc 21 at 5. This objection lacks the requisite specificity.

**Petitioner's final objection is less than clear, lacks merit, and does not warrant discussion beyond that which the R&R devotes to the topic.** *See* Doc 21 at 5-6 (arguing that the putative jury-

1    instructional error in Ground Three was a structural error and was not subject to harmless-error analysis).

2

3                    PETITIONER IS NOT ENTITLED TO AN EVIDENTIARY HEARING

4           In his traverse, petitioner requests an evidentiary hearing in federal court on all three of his claims.

5    *See* Doc 16 at 7.  It appears that the R&R (Doc 18) does not make a recommendation as to petitioner's

6    request for an evidentiary hearing.  **For the reasons that follow, the Court will deny petitioner's request**

7    **for an evidentiary hearing,** i.e., the Court will not permit petitioner to expand the record beyond that which

8    was before the California Court of Appeal when it denied materially similar federal constitutional claims.

9           On claims governed by AEDPA, a federal habeas court's inquiry into the existence of AEDPA legal

10   error, the 28 U.S.C. "Section 2254 (d)(1) inquiry" is presumptively "limited to the record that was before

11   the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 563 U.S. 170, 180, 131 S. Ct.

12   1388, 1398 (2011) ("*Pinholster*").  If the federal habeas court can resolve all the petitioner's claims by

13   reference to the state-court record, then the petitioner is not entitled to an evidentiary hearing.  *See Schriro*

14   *v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940 (2007) (citing *Totten v. Merkle*, 137 F.3d 1172, 1176

15   (9th Cir. 1998)).

16          Generally, "[s]ince the passage of AEDPA, . . . a habeas petitioner is rarely entitled to an evidentiary

17   hearing in any case."  *Mulder v. Baker*, 2014 WL 4417748, *2 (D. Nev. Sept. 8, 2014) (Philip Pro, J.) (citing

18   *Pinholster*, 563 U.S. 170, 131 S. Ct. at 1411); *see also Brown v. Smith*, 2013 WL 149357, *14 (D. Idaho)

19   (Ronald Bush, M.J.) ("Evidentiary hearings are held in federal habeas corpus proceedings only very rarely.

20   Generally, the written state[-]court record is sufficient for the Court to determine the outcome of the case.").

21   *Cf. Gussner v. Gonzalez*, 2013 WL 458250, *3 (N.D. Cal. Feb. 5, 2013) (Lucy Koh, J.) ("[I]n section 2254

22   cases where a live hearing to resolve the factual record is not necessary, the proper way to conserve its

23   resources in the absence of a factual dispute is usually to deny an evidentiary hearing and defer to the

24   existing factual record as determined by the state court.").

25          Here, petitioner is not entitled to an evidentiary hearing because the Court is able to resolve the

26   merits of his federal habeas claims solely by reference to the California Court of Appeal record and "he has

27   not alleged any material fact which he did not have a full and fair opportunity to develop in state court and

28   which, if proved, would show his entitlement to habeas relief."  *Vasquez v. Biter*, 2015 WL 6181700, *1 n.2

(C.D. Cal. Oct. 21, 2015) (Valerie Baker Fairbank, J.) (citing, *inter alia*, *Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002) (holding that district court properly denied state habeas petitioner an evidentiary hearing where petitioner "failed to show what more an evidentiary hearing might reveal of material import")).

ORDER

Petitioner's request for an evidentiary hearing is **DENIED**.

Petitioner's objection to the R&R **[Doc #21] is OVERRULED.**

The Report and Recommendation **[Doc #18] is ADOPTED.**

The petition for a writ of habeas corpus **[Doc #1] is DENIED.**

Final judgment shall be entered in favor of the respondent and against petitioner consistent with the R&R. As required by Fed. R. Civ. P. 58(a), the judgment will be issued as a separate document.

The Court will rule on a certificate of appealability by separate order as well.

This action is **DISMISSED WITH PREJUDICE.**

The Clerk of Court shall close and **terminate the case (JS-6)**.

This is a final order.

DATED: Tuesday, March 15, 2016

*Valerie Baker Fairbank*

_____

VALERIE BAKER FAIRBANK
Senior United States District Judge

7